# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-4030-01-CR-C-FJG |
| | ) | |
| MARQUEZ LANELL LAWHORN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## CONCERNING WITHDRAWAL OF GUILTY PLEA

A hearing was held on May 14, 2012, on defendant Marquez Lanell Lawhorn's motion to withdraw his guilty plea and to allow him to file a motion to suppress evidence. Defendant appeared, in person and by counsel, Nancy R. Price. Assistant United States Attorney Larry Miller appeared on behalf of the Government.[1]

### Background

On September 9, 2011, defendant Marquez Lanell Lawhorn appeared, in person and with his legal counsel, before the undersigned, and pleaded guilty to the indictment charging him with being a felon in possession of a firearm. At the plea hearing, defendant specifically stated he was aware that it was almost impossible to withdraw his plea of guilty once made; that his attorney had done everything defendant had asked him to do; that he received all discovery from the Government; that he had ample time to go over the discovery, reports and whatever other documents with his attorney; that he had ample time to talk with his attorney; that he was pleading guilty because he was, in fact, guilty of possessing a firearm; and that he was satisfied with the representation of his attorney. Defendant's plea of guilty was made voluntarily and with knowledge of the consequences. The Honorable Fernando J. Gaitan, Jr., accepted defendant's guilty plea and entered an order adjudicating his guilt on October 5, 2011.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Thereafter, citing a conflict of interest between the defendant and another client, initial defense counsel, Troy Stabenow, filed a motion for leave to withdraw as defendant's counsel. That motion was filed on January 4, 2012. The motion was granted on the same day, and the Court appointed Nancy R. Price to represent defendant for the remainder of the case.

Defendant's preliminary presentence investigation report was prepared February 14, 2012. After review of the discovery and the presentence investigation report, defendant's new counsel believed there to be a violation of defendant's Fourth Amendment right against unreasonable searches and seizures. Accordingly, defendant filed the motion to withdraw his guilty plea, and to be allowed to file a motion to suppress the Government's evidence.

The Government opposes the motion.

## Discussion

Defendant's motion for withdrawal of his guilty plea alleges that his prior counsel failed to provide him with effective assistance of counsel, in that counsel erred in failing to file a motion to suppress the Government's evidence.

Defendant bears the burden of providing an appropriate basis to support a withdrawal of his guilty plea. United States v. Rollins, 552 F.3d 739, 741 (8th Cir. 2009). "A defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); United States v. Goodson, 569 F.3d 379, 382 (8th Cir. 2009). "While the 'fair and just' standard is a liberal one, we are mindful that the plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." United States v. Murphy, 572 F.3d 563, 568 (8th Cir. 2009).

Defense counsel's performance can serve as the requisite "fair and just reason" for withdrawal only if the defendant demonstrates both that his attorney's performance was deficient and that he was prejudiced by it. United States v. Cruz, 643 F.3d 639, 642 (8th Cir. 2011). To establish deficient performance, the defendant must show that the counsel's representation fell below an objective standard of reasonableness. Id. To show prejudice, the defendant must prove there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id.

2

Here, defendant claims that prior counsel was deficient because counsel failed to file a motion to suppress the evidence of the Government. Defendant asserts that he expressed his concerns to his prior counsel as to how he was arrested, but that prior counsel "didn't bother to bring up the issue," to the Court. See Recording of May 14, 2012 hearing. Specifically, defendant testified that he discussed the issue of his arrest and the seizure of the firearm from his vehicle with his counsel, and that he told his prior counsel that "[i]t don't feel right, something weren't right about this." Id. Defendant went on to state that the response he received from his prior counsel was that the actions of police were consistent with Missouri law.

Upon review of defendant's allegations and the evidence before this Court, this Court finds that defendant has failed to show that his prior counsel, Assistant Federal Public Defender Troy Stabenow, unreasonably failed to file a motion to suppress on defendant's behalf. First, defendant concedes that his prior legal counsel discussed with him the circumstances surrounding defendant's arrest and seizure of the firearm, and why counsel believed the actions of police did not warrant filing a motion to suppress. Second, despite opportunities to express concern to the Court about the failure of counsel to file a motion to suppress, defendant made no complaint. In fact, rather than make a complaint regarding prior counsel's performance, defendant stated, under oath, at his plea hearing, that he was fully satisfied with his counsel's representation. See United States v. Murphy, 572 F.3d at 569 (citing United States v. Newson, 46 F.3d 730, 733 (8th Cir. 1995) (defendant's failure to assert any objection to his counsel's performance at the change-of-plea hearing, despite his knowledge of the availability of a defense, refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea)). Moreover, again at the hearing on the instant motion, defendant stated he had "no complaints" about his prior counsel during the time prior counsel represented him. It wasn't until January 2012, when new counsel was appointed for the defendant, that defendant first made allegations that his prior counsel was deficient. What appears to be at issue here is not an unreasonable failure by prior counsel to file a motion to suppress, but simply a new and different defense strategy asserted by defendant at the recommendation of his newly appointed defense counsel. Such new strategy by the defendant does not support that prior counsel was ineffective or deficient in the representation of defendant.

3

Moreover, even if this Court were to assume that defendant's prior counsel's failure to file a motion to suppress was deficient, this Court finds that such error did not prejudice the defendant. There is no prejudice because the evidence in the case, specifically the full narrative of the police report submitted to the Court by the parties in a joint exhibit, supports that the arrest of defendant and the seizure of the firearm from defendant's vehicle were proper and did not violate defendant's Fourth Amendment rights.

Here, the undisputed facts show that officers were dispatched at approximately midnight on June 6, 2011, to a hotel after police communications received a complaint from a citizen that a black male subject was sitting in a red Bronco on a hotel parking lot watching people as they walked in the lot. The complainant was fearful that the subject was about to commit robbery. After receipt of the complaint of suspicious activity, officers were dispatched to the hotel and located the Bronco as described. The defendant was sitting in the Bronco. Officer Wilmouth shined his flashlight into the Bronco, and the occupant (the defendant) immediately made a quick or furtive movement with his right hand behind the passenger seat, causing the officer to believe that defendant might be armed. The officer drew his weapon and ordered the defendant to put his hands in the air. The defendant exited the driver's seat, and Officer Wilmouth, with the assistance of an arriving officer, detained the defendant. Officer Wilmouth then looked inside the Bronco where the defendant had reached and in plain view, he observed a 40-caliber handgun, which he retrieved. The firearm was a Smith and Wesson and had one bullet in the chamber and thirteen in the magazine.

These officers' actions of stopping defendant and his vehicle and conducting a reasonable search for weapons were proper. See Terry v. Ohio, 392 U.S. 1 (1968) (an officer may conduct a reasonable search for weapons when the officer "has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime."); see also United States v. Stewart, 631 F.3d 453, 457 (8th Cir. 2011) (the principle announced in Terry has been extended to include vehicle searches). The facts set forth above, clearly support a finding that the officers were justified in believing that defendant was the person described to police communications and that he was armed and dangerous. The fact that the officers did not specifically see what the item was that defendant quickly put behind the passenger seat of his vehicle, does not dispel the officers' reasonable basis for believing that

defendant was attempting to conceal something and could be armed and dangerous. In Terry, the Court specifically held that '[t]he officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." Id. at 27. Here, the circumstances, as set forth above, warrant a belief by a reasonably prudent officer that his safety or that of others was at risk. The fact that defendant was not in his vehicle at the time Officer Wilmouth conducted his limited search of the vehicle is not relevant to whether the search was proper. "[I]t is settled that once reasonable suspicion is established, a protective search of a vehicle's interior is permissible regardless of whether the occupants have been removed from the vehicle." Stewart, 631 F.3d at 458 (citing Long at 1049).

In addition, the police report, admitted into evidence as "Joint Exhibit 1," states as follows: "I looked inside the Bronco exactly where I observed Lawhorn reach, and noticed a Smith and Wesson FMP-40 handgun lying on the floorboard." Although the record is unclear because the police officer who authored Joint Exhibit 1 did not testify at the hearing on the motion to withdraw the guilty plea, the report does seem to indicate that the officer observed the firearm defendant was attempting to conceal laying, in plain view, on the floorboard of the Bronco. "Under the plain-view exception, officers may seize an object without a warrant if they are lawfully in a position from which they view the object, the incriminating character of the object is immediately apparent, and the officers have a lawful right of access to the object." United States v. Muhammad, 604 F.3d 1022, 1027 (8th Cir. 2010) (citing Horton v. California, 496 U.S. 128, 136-37 (1990)). Neither probable cause nor reasonable suspicion is necessary for an officer to look through a window . . . of a vehicle so long as he or she has a right to be in close proximity to the vehicle." United States v. Bynum, 508 F.3d 1134, 1137 (8th Cir. 2007).

Defendant fails to point to any evidence that supports that the seizure of the firearm from his vehicle was a violation of his Fourth Amendment rights. Defendant's accusation that he was stopped only because of his race is unsupported by the joint exhibit submitted by the parties, and defendant has come forward with no other evidence to support this accusation.

For the reasons set forth above, this Court finds that the limited search of defendant and his vehicle for weapons was proper. See Michigan v. Long, 463 U.S. 1032, 1049 (1983) ("[T]he search of passenger compartment of an automobile, limited to those areas in which a weapon

5

Case 2:11-cr-04030-BCW   Document 33   Filed 05/30/12   Page 5 of 7

may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons."). See also Stewart, 631 F.3d at 458. There is no valid basis on which a motion to suppress would have been successful, even if such motion had been filed by defendant's prior counsel. Therefore, no prejudice could have been suffered by the defendant based of his prior counsel's failure to file a motion to suppress.

## Conclusion

Based on the foregoing, this Court finds that defendant's prior counsel's representation of defendant was not deficient; it was not unreasonable for prior counsel to forego filing a motion to suppress on behalf to the defendant. Additionally, defendant was not prejudiced by prior counsel's actions of not filing a motion to suppress; defendant has not shown a reasonable probability that, but for prior counsel's alleged error in failing to file a motion to suppress, he would not have pleaded guilty and would have insisted on going to trial. Therefore, defendant's claim of ineffective assistance of counsel as a fair and just reason for withdrawal of his guilty plea fails. See United States v. Carasis, 863 F.2d 615, 616-17 (8th Cir. 1988) (ineffective assistance of counsel challenge in seeking to withdraw guilty plea was without merit because decision of defendant's counsel in not filing a motion to suppress was reasonable); see also United States v. Murphy, 572 F.3d at 569 (alleged failure to file a motion to suppress did not provide a fair and just reason for withdrawal of defendant's guilty pleas). Without a fair and just reason to support the withdrawal of his guilty plea, this Court need not consider the additional factors that can be relevant to a withdrawal of a guilty plea. See United States v. Murphy, 572 F.3d at 568 (citing United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991) (without a fair and just reason to support the withdrawal of the defendant's guilty plea, the court need not address additional factors of whether the defendant asserts his legal innocence of the charge, the length of time between the plea and the motion to withdraw, and whether the Government will by prejudiced)).

This Court recommends that defendant's motion to withdraw his guilty plea should be denied. Moreover, this Court finds that the defendant made his guilty plea knowingly and voluntarily, with full knowledge of the facts and understanding of what he was undertaking, and

specifically admitted he possessed a firearm and was guilty.  Defendant has conceded that at the time he pled guilty, he had access to the reports, investigations and all discovery; there are no new facts or evidence in the case.  See United States v. Bryant, 557 F.3d 489, 495-96 (7th Cir. 2009) (denial of withdrawal of guilty plea proper where there was no new evidence related to defendant's factual guilt or innocence).  A plea made under these facts/circumstances waives all nonjurisdictional defects and defenses, including search and seizure issues, like those defendant now seeks to raise in a motion to suppress evidence.  See United States v. Soriano-Hernandez, 310 F.3d 1099, 1103 (8th Cir. 2002); Hughes v. United States, 371 F.2d 694, 696 (8th Cir. 1967).  Therefore, there is no basis for granting defendant's motion to withdraw his guilty plea and to file a motion to suppress.

IT IS RECOMMENDED that the motion of defendant Marquez Lanell Lawhorn to withdraw his guilty plea and file a motion to suppress evidence be denied.  [23]

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B).

Dated this 30th day of May, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge